IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID FLOOD, | : | Civil No. 1:13-CV-2943 |
| Plaintiff, | : | |
| vs. | : | (Judge Caldwell) |
| FREEH, SPORKIN & SULLIVAN, LLP., et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. **Statement of Facts and of the Case**

This is a civil case filed by the plaintiff, who is proceeding *pro se,* on December 3, 2013. (Doc. 1.) Presently the record does not appear to reflect valid service of the complaint upon the defendant after some six months. See Rule 4((j)(2), F. R. Civ. P. Therefore, it is clear that more than 120 days have elapsed since the complaint was filed without proof of proper service of the complaint and under Rule 4(m) of the Federal Rules of Civil Procedure the Court may dismiss a complaint without prejudice if more than 120 days have passed since the filing of the complaint without proper service of that complaint upon the defendant.

1

Since this case appeared to be subject to dismissal under Rule 4(m), on May 12, 2014, we entered an order (Doc.8.), which placed the plaintiff on notice of this failure to make proper service and directed the plaintiff to show cause by May 30, 2014, why this matter should not be dismissed without prejudice for failure to affect proper service of the complaint. Despite this notice, the plaintiff has not responded to the Court's show cause order, or taken steps to perfect service of process in this case. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Rule 4 Calls For Dismissal of This Complaint

Dismissal of this complaint is warranted here. Simply put, the failure to properly serve this complaint now compels this outcome under the Federal Rules of Civil Procedure. In particular, this result is mandated by Rule 4 of the Federal Rules of Civil Procedure which prescribes the method by which service can be made, and describes how a party must demonstrate proof of service on the record. See F.R. Civ. P., Rule 4(a)-(l). Rule 4 also sets time limits for service, and prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action . . . against that defendant

> or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F. R.Civ. P., Rule 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court "must dismiss the action." As a general rule "the party asserting the validity of service bears the burden of proof on that issue. See 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

When the plaintiff fails to carry this burden of proof on the issue of proper and timely service, consistent with Rule 4(m)'s mandate that the "court– on motion or on its own after notice to the plaintiff– must dismiss the action," dismissal of the case is entirely appropriate. Indeed, when a plaintiff does not show good cause for a failure to serve; Beckerman v. Susquehanna Township Police, 254 F.App'x 149, 154 (3d Cir. 2007), or fails to make service, despite warnings and requests by the court to address service issues; Foster v. Pennsylvania Human Relations Commission, 157 F. App'x 488, 490 (3d Cir. 2005), the courts have frequently dismissed actions for failure to make service.

These principles control here and call for dismissal of this action for failure to make timely and proper service. In this case, the plaintiff has provided no proof of proper service for some six months after this action commenced, despite having been instructed to do so. Moreover, our prior show cause order regarding service stated in clear an precise terms that: "More than 120 days have elapsed since the complaint was filed without proof of proper service of the complaint and under Rule 4(m) of the Federal Rules of Civil Procedure the Court may dismiss a complaint without prejudice if more than 120 days have passed since the filing of the complaint without proper service of that complaint upon the defendant." (Doc. 8.) Despite this notice and warning, Flood has neither served the complaint, nor sought a further extension of time in which to make service. Given this failure of service after six months, dismissal is appropriate here. <u>Beckerman v. Susquehanna Township Police</u>, 254 F.App'x 149, 154 (3d Cir. 2007)(affirming dismissal for failure to serve after 122 days where no good cause shown).

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to make timely service under Rule 4.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of June, 2014.

<u>*S/Martin C. Carlson*</u><br>
Martin C. Carlson<br>
United States Magistrate Judge